1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11 EQUINOX INSURANCE COMPANY,          )     CASE NO. CV 12-03189 RZ
                                       )
12              Plaintiff,             )
                                       )     ORDER TO SHOW CAUSE WHY
13        vs.                          )     ACTION SHOULD NOT BE
                                       )     DISMISSED FOR LACK OF SUBJECT
14 AMERICAN ALTERNATIVE                )     MATTER JURISDICTION
   INSURANCE CORPORATION,              )
15                                     )
                Defendant.             )
16 ──────────────────────────────     )

17         "Federal courts are courts of limited jurisdiction.   As such, 'our power to

18 adjudicate claims is limited to that granted by Congress.' *Nieto v. Ecker,* 845 F.2d 868,

19 871 (9th Cir.1988). Unless a grant of jurisdiction over a particular case affirmatively

20 appears, we are presumed to lack jurisdiction." *National Treasury Employees Union v.*

21 *Federal Labor Relations Authority*, 112 F.3d 402, 403 (9th Cir. 1997), citing *General*

22 *Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-69 (9th Cir.1981), *cert. denied,*

23 455 U.S. 948, 102 S.Ct. 1449, 71 L.Ed.2d 662 (1982).

24         The Complaint here grounds federal subject matter jurisdiction on diversity

25 of citizenship.  Plaintiff is described as "a Vermont corporation with its principal place of

26 business located . . . [in] Vermont."  Defendant is described as "a Delaware corporation

27 with its principal place of business located . . . [in] New Jersey."  An allegation that a

28 corporation is a "Vermont corporation" or a "Delaware corporation" is a conclusion of law,

1  not a statement of fact, and is not sufficient to establish corporate citizenship.  Rather, the

2  pleader must allege the state in which each corporation is incorporated, as well as where

3  it has its principal place of business.  Otherwise, the Court lacks subject matter jurisdiction.

4  *Fifty Associates v. Prudential*, 446 F.2d 1187 (9th Cir. 1970).  These are matters the Court

5  can raise *sua sponte*.  *Mantin v. Broadcast Music, Inc.*, 244 F.2d 204 (9th Cir. 1957).

6  Since Plaintiff has not alleged properly the bases for diversity of citizenship,

7  jurisdiction does not affirmatively appear.  Accordingly, Plaintiff shall show cause in

8  writing, not later than April 30, 2012, why the action should not be dismissed for lack of

9  jurisdiction. Under 28 U.S.C. § 1653, defective allegations of jurisdiction can be amended.

10  Hence, the filing of an amended complaint prior to April 30, 2012, which corrects the

11  defective jurisdictional allegations, shall discharge the Order to Show Cause.

12  IT IS SO ORDERED.

13

14  DATED:  April 16, 2012

15

16

17  _____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28