UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUINOX INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN ALTERNATIVE INSURANCE CORPORATION, <br><br> Defendant. | CASE NO. CV 12-03189 RZ <br><br> ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION |

"Federal courts are courts of limited jurisdiction. As such, 'our power to adjudicate claims is limited to that granted by Congress.'" *Nieto v. Ecker,* 845 F.2d 868, 871 (9th Cir.1988). Unless a grant of jurisdiction over a particular case affirmatively appears, we are presumed to lack jurisdiction." *National Treasury Employees Union v. Federal Labor Relations Authority*, 112 F.3d 402, 403 (9th Cir. 1997), citing *General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-69 (9th Cir.1981), *cert. denied,* 455 U.S. 948, 102 S.Ct. 1449, 71 L.Ed.2d 662 (1982).

The Complaint here grounds federal subject matter jurisdiction on diversity of citizenship. Plaintiff is described as "a Vermont corporation with its principal place of business located . . . [in] Vermont." Defendant is described as "a Delaware corporation with its principal place of business located . . . [in] New Jersey." An allegation that a corporation is a "Vermont corporation" or a "Delaware corporation" is a conclusion of law,

not a statement of fact, and is not sufficient to establish corporate citizenship. Rather, the pleader must allege the state in which each corporation is incorporated, as well as where it has its principal place of business. Otherwise, the Court lacks subject matter jurisdiction. *Fifty Associates v. Prudential*, 446 F.2d 1187 (9th Cir. 1970). These are matters the Court can raise *sua sponte*. *Mantin v. Broadcast Music, Inc.*, 244 F.2d 204 (9th Cir. 1957).

Since Plaintiff has not alleged properly the bases for diversity of citizenship, jurisdiction does not affirmatively appear. Accordingly, Plaintiff shall show cause in writing, not later than April 30, 2012, why the action should not be dismissed for lack of jurisdiction. Under 28 U.S.C. § 1653, defective allegations of jurisdiction can be amended. Hence, the filing of an amended complaint prior to April 30, 2012, which corrects the defective jurisdictional allegations, shall discharge the Order to Show Cause.

IT IS SO ORDERED.

DATED: April 16, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE